*Mendez Huerta v. Blanche*

BIA
Straus, IJ
A208 349 387

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand twenty-six.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **JOSEPH F. BIANCO,**
> **MARIA ARAÚJO KAHN,**
> *Circuit Judges.*

_____

JOAQUIN MENDEZ HUERTA,

*Petitioner*,

v.                                                                              **25-504**

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER: Lorne J. Kelman, Valley Stream, NY.

FOR RESPONDENT: Brett A. Shumate, Assistant Attorney General; Brett F. Kinney, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Joaquin Mendez Huerta, a native and citizen of Mexico, seeks review of a February 12, 2025, decision of the BIA affirming a June 21, 2021, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *In re Joaquin Mendez Huerta*, No. A208 349 387 (B.I.A. Feb. 12, 2025), *aff'g* No. A208 349 387 (Immigr. Ct. Hartford June 21, 2021). The BIA determined that Mendez Huerta failed to establish that removal would cause his U.S.-citizen son "exceptional and extremely unusual hardship" as required for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D).

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we set forth in this summary order only as necessary to explain our decision to **DENY** the petition for review.

\* \* \*

We have reviewed the IJ's decision regarding cancellation of removal as

supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Our jurisdiction is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(B)(i), (D). We may review the application of the hardship standard "to a set of established facts." *Wilkinson v. Garland*, 601 U.S. 209, 212, 217–18 (2024). And a reviewable question of law may arise when the agency applies the wrong legal standard, overlooks relevant evidence, or seriously mischaracterizes the record. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008); *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). But we lack jurisdiction to review underlying factual findings or the weighing of evidence. *See Wilkinson*, 601 U.S. at 225; *Penaranda Arevalo v. Bondi*, 130 F.4th 325, 340 (2d Cir. 2025) ("A challenge to the agency's weighing of the evidence, or the logic it employed in drawing inferences from it, no less than a challenge to the factual findings that result from such analysis, raises questions of fact[.]").

We review a hardship determination for clear error, which is "less deferential to the factfinder than 'substantial evidence' review." *Toalombo Yanez v. Bondi*, 140 F.4th 35, 43–44 (2d Cir. 2025). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 44 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Mendez Huerta had the burden to establish that his removal would cause his U.S. citizen son "exceptional and extremely unusual hardship." 8 U.S.C. §§ 1229a(c)(4)(A)(i),

3

1229b(b)(1)(D).  "[E]xceptional and extremely unusual" means hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country."  *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quotation marks omitted); *see also Toalombo Yanez*, 140 F.4th at 45.  Relevant factors include "the ages, health, and circumstances" of the qualifying relatives.  *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63.  A "strong applicant might have a qualifying child with very serious health issues, or compelling special needs in school."  *Id*.  But "[a] lower standard of living or adverse country conditions in the country of return" are "generally . . . insufficient in themselves to support a finding of exceptional and extremely unusual hardship."  *Id*. at 63–64.

"In determining whether the applicant has met such burden, the immigration judge shall weigh the credible testimony along with other evidence of record.  Where the immigration judge determines that the applicant should provide evidence which corroborates otherwise credible testimony, such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence."  8 U.S.C. § 1229a(c)(4)(B).

Mendez Huerta testified that his son had a severe speech delay that required special education services for speech and language until 2018 (the hearing occurred in 2021).  A medical report reflected that his son was diagnosed with expressive language disorder in 2015, and his son's Individualized Education Program ("IEP") reports from

4

2014 to 2017 show that he received one and a half hours per week of special education and one hour per week of speech and language services. Mendez Huerta did not submit documentation of his son's speech delay for the period between 2017 and the 2021 merits hearing. He submitted a letter from a therapist that stated his son was sad and anxious about the possibility of moving to Mexico. The therapist recommended that his son continue with mental health treatment to learn coping strategies for anxiety.

The BIA found that Mendez Huerta had submitted insufficient evidence that his son's language delays were "chronic or serious or that adequate medical care was not reasonably available in Mexico if required" and that his son's difficulty speaking Spanish and the lack of educational resources in Mexico did not qualify as exceptional and extremely unusual.

Contrary to Mendez Huerta's claims, the agency recognized that there would be hardship to his son, both emotional hardship because of his inability to speak Spanish and adjustment to a new culture, as well as the loss of educational opportunities. Further, the IJ noted that Mendez Huerta alleged that his speech delays were severe, but that he provided no evidence of severity, and his son had not received speech services for several years. Mendez Huerta now asserts that his son "receives Integrated teaching services five times per week," but he cites a 2017 IEP report, which the IJ considered, and does not acknowledge the IJ's finding that he failed to submit documentation regarding the severity of his son's speech delay since 2017. Accordingly, the IJ did not overlook

material evidence and the IJ's conclusions about the seriousness of Mendez Huerta's son's mental health condition or speech disability are quintessential factual findings that we are unable to review. *See Wilkinson*, 601 U.S. at 225 (listing the "seriousness of a family member's medical condition" as an example of an unreviewable agency determination). Moreover, because Mendez Huerta did not establish the current severity of his son's disability, he did not show "compelling special needs in school," that would support a finding of exceptional or extremely unusual hardship. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63.

Mendez Huerta's remaining arguments fail. The agency explicitly considered his evidence of hardship both individually and in the aggregate, including evidence of the increased risk of crime and violence. Thus, Mendez Huerta has not demonstrated that the agency ignored or mischaracterized evidence. *See Mendez*, 566 F.3d at 323.

We have considered all of Petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6